## GREGORY V. SEAMONS ET AL.

Where relief is asked for against the mistakes of arbitrators, in an award, a court of chancery will rectify them, if it can be done, without setting aside the award.

PETITION in chancery, alleging that on the 20th day of February A. D. 1782, the petitioner with William Maltbee

Betts, of Norwalk in the county of Fairfield, and Walter Seamons, Titus Conklin, Benjamin Wood, Benjamin Titus, Timothy Titus, Ebenezer S. Platt, all now of the state of New York, and Samuel Allin of the state of Vermont; purchased for their joint benefit of Elijah Abel, Esq. the sloop Shuldum, at the price of £766 13s. 4d. money of New York, for which they gave their note on said 20th of February A. D. 1782 to the treasurer of the county of Fairfield, payable with interest; that said sloop was afterwards, by direction of said owners, employed in trade; that the petitioner was appointed agent or ship's husband.

That the petitioner at the time of executing the aforesaid note, gave his note for the benefit of said company to said treasurer for £8 16s. York money, payable with interest, being part of said purchase money; that the petitioner afterwards made large disbursements, and also received of said sloop's earnings to a considerable amount as agent aforesaid, also received from said owners sundry sums of money to pay said notes and his disbursements aforesaid; that the petitioner not being able to make full payment of said notes, the first mentioned note was put in suit against the petitioner before the County Court in Fairfield county, and judgment recovered thereon against him; that afterwards said note was put in suit against said Seamons and Timothy Titus in the state of New York, and judgment recovered against them before the Supreme Court in that state, with a large bill of cost; that said Walter Seamons and Timothy Titus filed their bill in chancery, merely for delay and vexation, against the treasurer of the county of Fairfield, who was plaintiff in said suit; that the cost in the suit before the Supreme Court amounted to £84 14s. York money, which said Seamons and Titus subjected themselves to pay unnecessarily, and in their needless suit in chancery to the further sum of £132 17s. 8d., amounting in the whole to £217 11s. 8d. York money, which was completely wasted and lost, there being no reason for incurring it, and said Seamons and Titus have been obliged

to pay to said treasurer the sum of £296 7s. 5¾d. York money, and also the sum of £84 14s. the cost recovered in the Supreme Court aforesaid.

This being the state of their affairs on the 7th of March A. D. 1787, and the whole concerns of said partnership relative to said sloop and her voyages being unsettled, said Seamons, Titus, Conklin and the petitioner in behalf of themselves, and Isaac Norton then of New York, now deceased, in behalf of Benjamin Wood, Benjamin Titus and Timothy Titus, and in virtue of authority from them, did agree to submit to the final award of Thomas Fitch, Esq. and Ebenezer Phillips, arbitrators mutually chosen by and between the petitioner on the one part and said Seamons, etc. on the other part, and did enter into a written submission of all matters, disputes, claims, judgments, costs, accounts and controversies, relative to the purchase and pay for the sloop Shuldum, her earnings, voyages and the petitioner's account for receipts and disbursements as agent and every other matter relating to said affair and business; and the parties executed to each other their notes in the sum of £500 to abide said award, etc. and in case the arbitrators do not agree they were to choose a third man, etc. which submission is set forth and signed by the parties — in which is included all the partners except William M. Betts.

That said arbitrators made out an account or statement of debt and credit between said parties, by which they found and awarded the petitioner to pay said Seamons, etc. the sum of £414 money of New York and indorsed your petitioner's note to said sum and delivered it to said Seamons, etc. that said note had been sued, judgment and execution recovered upon it for the full sum, and said execution had been satisfied by the petitioner's land being levied upon and appraised off on the 22d of November A. D. 1790; that said arbitrators in making out the sum of their award made sundry mistakes upon their own principles and had charged him with interest and cost contrary to what they intended and meant, and contrary to the express agreement of the parties, and particularly

points out wherein; further alleging that said arbitrators were convinced of their said mistakes, etc.

Plea in abatement — That the petition contains no sufficient grounds for a court of chancery to interpose. Plea judged insufficient.

The court heard the petition on the merits. The arbitrators were admitted and testified with respect to the mistakes in point of fact. The court found that said arbitrators had made mistakes in four articles, amounting in the whole to £132 12s. 5d. York money, being £99 9s. 3¾d. lawful money, and ordered and decreed that the petitionees should reconvey to the petitioner by a good authentic deed, so much of the land set off to them in satisfaction of said execution, at the appraisal of Messrs. William St. John, etc. appraisers of the land on said execution, to be estimated according to the same rule it was appraised by them before for quantity and quality; said deed to be executed and delivered to the town clerk of Norwalk by the first of next June, etc. for the use and benefit of the petitioner under a penalty.

The court instead of setting aside said award and the subsequent judgment and execution, decreed a rectification of the mistakes, and let the award remain good for the residue, which must be a great saving of expense to the parties.